UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUTO REFINANCE SOURCE, INC. on behalf of itself and all others similarly situated | * | CIVIL ACTION |
| versus | * | NO. 08-1594 |
| HSBC NORTH AMERICA HOLDINGS INC. and HSBC AUTO FINANCE INC. | * | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss the plaintiff's class action complaint for breach of contract. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

**Background**

This is a breach of contract action brought by the assignee of a retail installment contract between an auto dealer and the purchasers of a new vehicle. On April 10, 2008, Auto Refinance Source, Inc. (ARSI) filed a class action complaint for breach of contract against HSBC North America Holdings, Inc., and HSBC Auto Finance, Inc. (collectively, HSBC).

ARSI alleges that HSBC Auto Finance, and its parent corporation, HSBC Holdings, misrepresented and mischaracterized the loan repayment terms and charged precomputed interested in breach of the express terms of the sales contract, which specified that

1

the principal loan amount would be repaid with simple interest.[1] Plaintiff further alleges that the defendants similarly breached the express terms of retail installment contracts with numerous other customers and that this lawsuit may be brought and properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

The defendants now seek to dismiss the plaintiff's complaint for failure to state a claim.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464 (5th Cir. 2004) (quoting

---

[1] The Sales Contract states: "You promise to pay us the principal amount of $30,483.91, plus finance charges accruing on the unpaid balance at the rate of 11.94% per year from today's date until maturity.  Finance charges accrue on a 365 day basis."  The form was also labeled "Form RS-SI-MV-LA 9/17/2004."  The "SI" portion of that label designates simple interest.  ARSI discovered that the HSBC had actually been charging precomputed interest when it attempted to pay HSBC the balance of the borrower's loan.  HSBC acknowledges that it has subsequently issued refunds to 102 customers for improperly charging precomputed interest.

2

Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

With a few exceptions, the Court's review on a motion to dismiss is limited to the complaint and any attachments. See Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006) (citations omitted). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to their claim. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

II.

Defendants' motion hinges on the assertion that a claim under the Louisiana Motor Vehicle Sales Finance Act (LMVSFA) represents the exclusive cause of action for a dispute arising from a motor vehicle credit transaction.

3

"A careful reading of the Motor Vehicle Sales Finance Act", a state appeals court has noted, "reveals that it was enacted to regulate entities engaged in the business of loaning money and companies which warehouse or hold installment contracts." <u>Terrebonne Bank & Trust Co. v. Lacombe</u>, 464 So.2d 753, 757 (La. App. 1st Cir. 1984). The LMVSFA governs a "motor vehicle credit transaction", which is defined as a "consumer loan or consumer credit sale involving a Louisiana consumer, or that is otherwise made subject to [the LMVSFA]" La. R.S. 6:969.6(24). The statute defines a "consumer credit sale" as:

> the sale of a motor vehicle on credit under which the seller acquires a purchase money security interest in the purchased vehicle, and incident to which a credit service charge is charged and the consumer is permitted to defer all or part of the purchase price or other consideration in two or more installments excluding the down payment.

La. R.S. 6:969.6(8).

The bulk of the LMVSFA's substantive provisions regulate the maximum interest rates and fees that a lender may charge in a motor vehicle finance transaction. <u>See</u> La. R.S. 6:969.9-18. The statute also regulates other terms of an auto finance contract, such as a consumer's right to prepay the unpaid balance of an auto loan (La. R.S. 6:969.19), collection and enforcement fees (La. R.S. 6:969.22), and insurance requirements and charges (La. R.S. 6:969.25-32). Part VI of the statute sets forth the remedies for violations and states that "[t]he remedies provided in this Section

4

shall be exclusive and shall apply prospectively to all motor vehicle credit transactions consummated on and after July 1, 1999." La. R.S. 6:969.33(G).

HSBC contends that § 6:969.33(G) "expressly preempts ARSI's breach of contract claim." ARSI, while conceding that the remedies enumerated in the LMVSFA "are the sole remedies available when a plaintiff asserts claims under the Motor Vehicle Act," argues that the LMVSFA "does not prevent a claimant from bringing any number of federal or state statutory and common law claims in lieu of or in addition to claims under the Motor Vehicle Act." The Court agrees.

Neither party, nor the Court's research, however, has identified any cases directly addressing whether § 6:969.33(G) of the statute is properly construed to preclude a plaintiff with a claim falling within the scope of the LMVSFA from brining additional state law claims. ARSI, in support of its position, cites several cases where plaintiffs joined additional federal and state claims with a claim brought under the LMVSFA. Of those cases, only Mayer v. Lamarque Ford, Inc., offers any guidance. No. Civ. A. 00-1325, 2001 WL 175232 (E.D. La. Feb. 16, 2001).

In Mayer, the plaintiff claimed that an automobile dealer's failure to provide certain documents violated a "whole host of Louisiana laws, including the Louisiana Motor Vehicle Sales Finance Act, . . . and the Louisiana Unfair Trade Practices and Consumer Protection Law." Id., at *2. Judge Clement denied the defendant's

5

motion to dismiss, holding that the plaintiff had stated a claim under both the LMVSFA and the LUTPA.  Id., at *2-3.  While not directly addressing the issue, Judge Clement's order reasonably suggests at least a tacit recognition that a plaintiff making a claim under the LMVSFA is not precluded from asserting additional claims under state law.

A similar approach was taken by the state court of appeal in Vickers v. Interstate Dodge, 882 So. 2d 1236 (La. App. 3 Cir. 2004).  In Vickers, the court affirmed the trial court's judgment that forging a customer's initials on a contract constituted a violation of the LMVSFA, but the court reversed an award of damages under the Louisiana Unfair Trade Practices Act, finding that the plaintiff had not demonstrated actual damages as required to warrant relief under the statute.  Id. at 1244.  The court did not, however, suggest that the plaintiff was precluded from bringing a claim under the LUTPA because it was also seeking remedies under LMVSFA.

A review of the Truth in Lending Act (TILA) also undermines the defendants' insistence on the exclusivity of the LMVSFA.  As noted by the court in Vickers, the LMVSFA incorporates the TILA, 15 U.S.C. §§ 1601-1667, and the disclosure requirements of Regulation Z of the Code of Federal Regulations, 12 C.F.R. §§ 226.1-226.36.[2]

---

[2] The Vickers court was confronted with a conflict between LMVSFA and TILA.  Id. at 1242.  While one of the defendants would have been liable for the forgery under LMVSFA because it was a

Id. at 1239. LMVSFA further states that "[a]s a general rule of construction, persons may look to comparable rules, definitions, and principles under the" incorporated federal laws. La. R.S. 6:969.7. TILA explicitly states that it is not intended to displace a party's rights under state contract law. 15 U.S.C. § 1610 ("Except as specified in sections 1635, 1640, and 1666e of this title, this subchapter and the regulations issued thereunder do not affect the validity or enforceability of any contract or obligation under State or Federal law."). The express provision in TILA recognizing a party's right to enforce any rights arising under state contract law lends support to the defendants' contention that LMVSFA was not intended to preclude a party to a motor vehicle credit transaction from enforcing any contract rights it might have under other state laws.

A comparison of LMVSFA with other Louisiana statutes that are unquestionably intended to represent a plaintiff's exclusive cause of action buttresses the plaintiff's position, and this Court's conclusion, that LMVSFA was not intended to preclude a plaintiff from pursuing additional rights conferred by state or federal law. For example, the Louisiana Workers' Compensation statute provides:

---

"creditor" as defined by the statute, the same defendant was not a "creditor" under TILA. Id. The court found that, in the face of the conflicting statutory language, LMVSFA was preempted by TILA as it "would be contrary to the goals of TILA to hold an assignee liable under a state statute even though the assignee has been assigned a contract that appears perfectly compliant with the law on its face." Id.

>     [e]xcept for intentional acts . . ., the
>     rights and remedies herein granted to an
>     employee or his dependent on account of an
>     injury, or compensable sickness or disease for
>     which he is entitled to compensation under
>     this Chapter, shall be exclusive of all other
>     rights, remedies, and claims for damages.

La. R.S. 23:1032 A(1)(a) (2008). The Louisiana Products Liability Act, in defining the scope of the Act, states that "[t]his Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. Notably, in contrast, § 6:969.33(G) of LMVSFA makes no mention of "rights" or "theories of liability". In contrast to the Workers' Compensation statute and the Products Liability Statute, however, LMVSFA does not indicate that violators of the statute should be shielded from liability under state statutory or common law simply because the underlying transaction falls within the purview of the statute.

For the reasons discussed, the Court interprets § 969.33(G) of LMVSFA, although rather inartfully crafted, to limit the available remedies for violations of the Act, but not to deprive a plaintiff of any additional rights that one may be entitled to pursue under state or federal law.[3] Plaintiff is not precluded from bringing a

---

[3]The Court notes that the bulk of substantive regulation effected by LMVSFA is directed towards maximum allowable interest rates in motor vehicle credit transactions. <u>See</u> La. R.S. 6:969.9-18. For violations of such provisions, claims under LMVSFA may well represent a consumer's sole cause of action and it is for such cases that §969.33(G) was most likely targeted.

breach of contract claim, and that claim is unaffected by failures to comply with the LMVSFA requirements for filing suit.

HSBC's assertion that ARSI can not stand in the shoes of the borrowers in this case because the assignment of the retail installment contract was invalid under state contract law involves a factual inquiry into the terms of the contract and is not properly decided at this stage of the litigation in a Rule 12(b)(6) motion to dismiss.

Accordingly, defendants' motion to dismiss claims against HSBC Auto Finance, Inc. is DENIED.

With respect to HSBC Holdings, however, defendants correctly point out that plaintiff has made no allegation that HSBC Holdings is a party to the contract, nor has it stated a theory of liability on which HSBC Holdings could be held answerable for a breach of contract on the part of its subsidiary, HSBC Auto Finance, Accordingly, defendants' motion to dismiss claims against HSBC Holdings for failure to state a claim is GRANTED.

New Orleans, Louisiana, September 23, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE